IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES D. WALKER                                                             PLAINTIFF

v.                                        Civil No. 4:09-cv-04086

SHARON ANDERSON                                          DEFENDANT
Probation Officer

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Dismiss Plaintiff's case and a brief in support thereof. (Doc. Nos. 8-9). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Harry F. Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the relevant briefing, recommends Defendant's Motion to Dismiss (Doc. No. 8) be **GRANTED.**

### 1. Background

Defendant filed a Motion to Dismiss on November 30, 2009. (Doc. No. 8). While Plaintiff is only permitted fourteen (14) days to respond under Local Rule 7.2, Plaintiff was given over a month to respond to Defendant's Motion to Dismiss. Plaintiff failed to respond to the Motion to Dismiss. Therefore, this Court therefore presumes these factual issues presented are uncontested.

Plaintiff claims Jimmy Courtney of the Hope police department arrested him on June 23rd of an unstated year. Planitiff's Complaint alleges that Defendant Sharon Anderson "had me arrested because she said I wasn't living at the address I provided them" and that this arrest occurred at "606 West 3rd Hope Ark." Plaintiff did not name the arresting officer as a defendant, explain the connection between the arresting officer and the Defendant, or explain any circumstances that could

-1-

otherwise give rise to the inference that any officer acted improperly or otherwise violated his rights. Finally, Plaintiff, who is not currently incarcerated, filed his complaint on a form for Section 1983 prisoner litigation.

**2. Applicable Law**

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.*

**3. Discussion**

With this Motion, Defendant requests Plaintiff's case be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for two reasons: (1) Plaintiff's allegations do not "give rise to a plausible suggestion of how his arrest was unconstitutional or otherwise unlawful" and (2) Defendant is immune from suit. (Doc. No. 9, Pages 1-7). Because Defendant is immune from this suit, this Court will only address Defendant's second argument for dismissal.

As an initial matter, Plaintiff sued a public official and did not expressly state he was suing her in her individual capacity. (Doc. No. 1). Therefore, it is presumed Plaintiff is only suing Defendant in her official capacity. *See Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) (holding "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

Further, in his Complaint, Plaintiff is only seeking damages: "I want to be paid for lost wages, the pain and worry my family went through." (Doc. No. 1). However, because Defendant is only being sued in her official capacity, she is immune from a suit for damages. *See Andrus ex rel. Andrus v. Arkansas,* 197 F.3d 953, 955 (8th Cir. 1999) (holding "[a] claim for damages [under 42 U.S.C. § 1983] against a state employee in his official capacity is barred under the Eleventh Amendment") (citation omitted). Accordingly, because Plaintiff is immune from suit, such a suit is barred; and this Court finds Plaintiff failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

**4. Conclusion**

Based upon the foregoing, this Court finds Plaintiff has failed to state a claim as required by FED. R. CIV. P. 12(b)(6) and recommends Plaintiff's Motion to Dismiss be **GRANTED** and Plaintiff's case be **DISMISSED** with prejudice.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 19th day of January 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE